(132 So. 918)

## Paul LACKEY v. STATE.

### 7 Div. 669.

Court of Appeals of Alabama.
Feb. 10, 1931.

Bibb, Field, Field & Woolf, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

The points of decision relied upon for a reversal of the judgment of conviction from which this appeal was taken was the refusal to defendant of the general affirmative charge requested in writing, and the action of the court in overruling appellant's motion for a new trial. Neither of these insistences can be sustained. A careful perusal of the evidence discloses that a jury question was presented thereby, rendering inapt the general charge. The motion for a new trial presents no matter not involved in the request for the general charge; both insistences being predicated upon the contention. that the state failed to meet the burden of proof which the law requires.

Without dispute in the testimony it was clearly shown that this appellant, in the afternoon of the day in question, was caught at a complete whisky still, and the testimony of the sheriff tended to show that when he (the sheriff) first made a noise in approaching the still the appellant broke and ran some distance from the still and stopped and looked for some time. The sheriff hid himself in the bushes, kept quiet for some time, whereupon appellant returned to the still and there stirred the beer in the barrels, handled the pipes in connection with the still, and, while in the act of so doing, the sheriff came out from his hiding place and arrested.him. The corpus delicti as to both counts of the indictment was proven without dispute. The accused, at the trial, admitted his presence at the still, but denied that he was in possession or ownership as testified to by the sheriff. He claimed to be down in the woods looking at a bee tree he had located, and upon his returning home from the bee tree happened upon the still, and that this was his first knowledge of the still being in the woods. As stated above, this conflict in the evidence made a jury question, and the court properly, and without prejudicial error, submitted the case to the jury. The evidence was ample to support the verdict returned and the judgment pronounced and entered thereon.

All that has been said above was written by BRICKEN, P. J., upon the first submission of this case. Said submission being set aside, for proper cause, and later, the

case being resubmitted, and assigned to the writer, we find ourselves still in agreement with the views set forth herein above. The cases cited by appellant's counsel have each been examined, but the holdings in none of them seem to us in conflict with our holding here.

The judgment of conviction is affirmed.

Affirmed.